No. 02-483

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 203N

IN THE MATTER OF M.L.V.,

     An Incapacitated Person.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDP 2002-029,
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Fausto G. Turrin, Attorney at Law, Great Falls, Montana

    For Respondents:

        Michael McPherson and Karl K. Rudbach, McPherson & Hutchison,
Great Falls, Montana

        Robert M. Kampfer, Attorney at Law, Great Falls, Montana

Submitted on Briefs:  July 17, 2003

Decided:  August 12, 2003

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Fausto G. Turrin (Turrin) appeals from the Eighth Judicial District Court's order dated July 31, 2002, awarding Turrin $960 in attorney fees to be paid from the Estate of M.L.V. We affirm.

¶2    Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that the legal issues raised in this appeal are clearly controlled by settled Montana law. Further, pursuant to Section I, Paragraph 3(d)(v), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶3    Turrin was initially hired by M.L.V.'s daughter, Margaret Nygard (Nygard), to represent her in her petition to establish herself as the temporary guardian and conservator for her mother. The District Court appointed Nygard as limited temporary guardian and conservator and appointed attorney Robert M. Kampfer to represent M.L.V.'s interests. Shortly thereafter, M.L.V.'s other two children (Respondents herein) filed an objection to Nygard's appointment. Nygard then filed a petition to resign as temporary guardian and to nominate Cascade County Public Administrator, John Boland, for appointment as temporary guardian. The District Court held a hearing on the matter and appointed Boland temporary guardian and appointed M.L.V.'s three children co-guardians.

2

¶4     Turrin then filed a motion to have M.L.V.'s Estate pay his legal fees or, in the alternative, have Respondents and their counsel pay his fees. At that time, Turrin had incurred over $8,000 in legal fees. After a thorough review of briefs from both parties on the matter, the court ordered the Estate to pay $960 of Turrin's fees. According to the court, it based the award on a "finding that Mr. Turrin is spending the bulk of his time in this case representing Margaret Nygard rather than the Estate of [M.L.V.]." The court also expressed "grave concerns over Mr. Turrin's apparent representation of three of the parties in the proceeding . . . [and that t]hese concerns make it exceedingly difficult for the Court to find that all of the time which has been expended by Mr. Turrin is for the benefit of the Estate." On appeal, Turrin contends that his legal fees currently total approximately $17,820.

¶5     Turrin argues that the District Court abused its discretion in allowing the Estate to pay only a limited portion of his legal fees. Turrin contends that the majority of the legal fees were incurred on behalf of M.L.V.'s Estate and therefore, these fees should be paid out of her estate. Respondents contend that the District Court did not abuse its discretion in awarding the sum to be paid from the Estate because it determined that Turrin was primarily working on behalf of Nygard, not M.L.V. Respondents claim that the District Court was in the best position to determine what portion of the legal fees were for services for the Estate.

¶6     The appointing court's discretionary power encompasses approval of attorney fees incurred by a guardian within the scope of the guardianship. *In re Estate of Bayers*, 1999 MT 154, ¶ 12, 295 Mont. 89, ¶ 12, 983 P.2d 339, ¶ 12. In *Bayers* we held that the District Court did not abuse its discretion by approving attorney fees to be paid by the estate because

3

the amounts requested were both reasonable and necessary for the benefit of the protected person. Here, the District Court concluded that only a portion of the requested fees, $960, was incurred for the benefit of the protected person, M.L.V. The court's determination was preceded by its thorough review of Turrin's and Respondents' briefs. Nothing in the record indicates that the District Court abused its discretion in its finding that Turrin was working primarily for Nygard and awarding payment from the Estate in the sum of $960. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE